### DAVIS et al. v. WELLS FARGO & CO.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

CARRIERS (§ 84*)—MISDELIVERY OF GOODS—DELIVERY AT PLACE OTHER THAN THAT INDICATED BY CONSIGNOR.

Where an express shipment was marked for delivery to a person at 334 East Twelfth street, a delivery at the consignee's correct place of business at 326 East Twelfth street to the person in charge thereof was not a misdelivery, as delivery to the consignee at any place is a good delivery, though not made at the place marked on the package.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 277, 290–298; Dec. Dig. § 84.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Albert Davis and others, doing business as D. Davis & Sons, against Wells Fargo & Co. From a judgment for plaintiffs after a trial by the court without a jury, defendant appeals. Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Charles W. Stockton, of New York City (John H. Mooers, of New York City, of counsel), for appellant.

House, Grossman & Vorhaus, of New York City, for respondents.

COHALAN, J. This action was brought to recover for an alleged misdelivery of an express shipment by the defendant express company. The court found that the complaint of misdelivery was established, and rendered judgment for the plaintiffs in the sum of $45.11, the undisputed value of the shipment.

It appears that on July 9, 1913, plaintiffs delivered to the defendant company a bale of sponges marked "J. Cuccia, 334 East Twelfth street, New York City." The defendant's driver on the following day took the package in question to 334 East Twelfth street and inquired for J. Cuccia. He was advised that he was not at that address, but that he had a place of business at 326 East Twelfth street. The driver thereupon took the goods to that address, which was an undertaking establishment, and delivered the bale to a man who was apparently in charge of the shop. A receipt, "J. Cuccia," was signed.

The court below apparently was of the opinion that the carrier in a case such as this was bound by an absolute duty to deliver the shipment in exact compliance with the address. This was error, as delivery to the actual consignee at any place is a good delivery, even though the delivery be made at a place not marked on the package. Moore on Carriers (2d Ed.) p. 244; Sweet v. Barney, 23 N. Y. 337; Hassam v. Platt, 163 App. Div. 366, 148 N. Y. Supp. 544. The package herein was delivered to the person in charge of and in the consignee's correct place of business.

Judgment reversed, and new trial ordered; costs to appellant to abide the event. All concur.